Helen **DEBRECENI**, Fund Manager of the New England Teamsters and Trucking Industry Pension Fund, Plaintiff,

v.

**HEALTHCO–D.G. STOUGHTON COMPANY**, Defendant, Third-Party Plaintiff,

v.

**FOSTER MEDICAL CORPORATION**, Third-Party Defendant.

Civ. A. No. 82–2461–C.

United States District Court, D. Massachusetts.

Feb. 14, 1984.

James T. Grady, Grady, Dumont & Dwyer, Boston, Mass., for plaintiff.

Herman Snyder, Snyder, Tepper & Comen, Peter M. Zuk, Boston, Mass., for Healthco-D.G. Stoughton Co.

Robert S. Frank, Choate, Hall & Stewart, Bernard R. Adams, Boston, Mass., James M. Shaughnessy, Casey, Haythe & Krugman, New York City, for third-party defendant Foster Medical Corp.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action to collect withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381 *et seq.* (Supp.1981) ("MPPAA"). This Court has jurisdiction under 29 U.S.C. §§ 1401(b)(1) and 1451(c) (Supp.1981).

Plaintiff Helen Debreceni is Fund Manager of the New England Teamsters and Trucking Industry Pension Fund (the "Pension Fund"). Prior to January 1981, defendant Healthco-D.G. Stoughton ("Healthco") was obligated under the terms of its contract with Teamster's Local 559 to contribute to the Pension Fund on behalf of its covered union employees. On December 31, 1980, Healthco entered an agreement with Foster Medical Corporation ("Foster") whereby Foster bought the assets and assumed the liabilities of Healthco's medical division. One of the liabilities Foster assumed was Healthco's obligation to contribute to the Pension Fund.

Plaintiff Debreceni has filed suit alleging that, when Healthco transferred to Foster its obligation to contribute to the Pension Fund, it "withdrew" from the Pension Fund under the terms of the MPPAA, and thus became liable to the pension fund under 29 U.S.C. § 1391 for a "withdrawal liability" of $9,549.00. Healthco has denied any withdrawal liability, but has filed a third party complaint against Foster, alleging that Foster, if anyone, must pay the withdrawal liability. The case is now before the Court on Foster's motion for summary judgment on Healthco's third-party complaint. I rule that the contract between Foster and Healthco is governed by New York law as its express terms provide.

By the terms of that contract Foster agreed to assume

... (iv) all obligations and liabilities of the Seller under the contracts and agreements set forth in Exhibit C and (v) all other contingent liabilities of the Seller relating to the Business set forth in Exhibit C, in each case as of the Transaction Date...

Listed in Exhibit C is the "Union Contract between Local # 559 and Healthco/Stoughton."

Withdrawal liability is a "non-contractual liability," *T.I.M.E.–DC, Inc. v. Trucking Employees of North Jersey Welfare Fund,* 560 F.Supp. 294, 297 (E.D.N.Y. 1983), arising under 29 U.S.C. § 1381:

If an employer withdraws from a multiemployer plan in a complete withdrawal

or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part ...

The union contract between Healthco and Local 559 in no way obligates Healthco to pay a penalty for withdrawing from the Pension Fund. It requires simply that Healthco contribute to the Pension Fund on behalf of its employees. Healthco's withdrawal liability is strictly a statutory liability, and is not an obligation or liability under the union contract.

█ Nor is withdrawal liability a "contingent liabilit[y] of [Healthco] ... set forth in Exhibit C." Exhibit C does not list Healthco's withdrawal liability as a contingent liability. It does list the "Union Contract" as a liability, but withdrawal liability is not a liability, contingent or otherwise, under that contract. *See supra.* Healthco could have listed the statutory withdrawal liability as a contingent liability in Exhibit C, but it did not. This Court is not authorized to and will not rewrite the contract to include it.

Because the plain terms of the Foster-Healthco contract show that Foster did not assume Healthco's withdrawal liability, I rule that Foster's motion for summary judgment should be allowed.

Order accordingly.