CENTRAL PENNSYLVANIA
TEAMSTER'S PENSION
FUND, et al.

v.

SERVICE GROUP, INC., et al.

Civ. A. No. 84–2469.

United States District Court,
E.D. Pennsylvania.

March 28, 1985.

Chas. R. Osinski, Allentown, Pa., for plaintiffs.

Robert J. Lichtenstein, Philadelphia, Pa., for Service Group, Inc.

J. Thomas Menaker, Harrisburg, Pa., for Harley.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs in this case are the Central Pennsylvania Teamsters Pension Fund and its trustees ("the Plan"). The Plan is a multi-employer pension plan governed by the Employee Retirement Income Security Act ("ERISA") as amended by the Multi-Employer Pension Plan Act Amendments ("MPPAA"), 29 U.S.C. §§ 1381–1453. This lawsuit arises from a determination made by the Plan's trustees that defendant Service Group Inc. ("SGI") had withdrawn from the Plan as that term is defined in MPPAA. *See* 29 U.S.C. § 1383(a). SGI denies that it is an "employer" responsible for any withdrawal payments and has added third party defendant Harley Davidson York, Inc. ("HDY"). SGI claims that HDY is the employer responsible for any liability. I directed the parties to brief the definition of "employer" before the case was sent to arbitration, and that issue has now been fully briefed and is ripe for determination.

The definition of "employer" under ERISA is very broad. It states:

> (5) The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

29 U.S.C. § 1002(5).

■ SGI argues that this definition is inapplicable to MPPAA cases because it is, in fact, too broad. SGI argues that although this definition applies to ERISA, it does not apply to cases involving the MPPAA which is subchapter III, subtitle E of ERISA. I see no support for this posi-

tion in the available caselaw or in the legislative history of MPPAA.

In enacting MPPAA, Congress sought to strengthen financially weak multi-employer pension plans. It was intended "to prevent employers from evading their obligations under collective bargaining agreements to contribute to multi-employer plans." *Dorn's Transp. v. Teamsters Pension Trust Fund*, 596 F.Supp. 350, 352 (D.N.J. 1984). This purpose would be served by construing the definition broadly.

Moreover, although there are no cases directly on point, a number of courts have applied the definition of § 1002(5) to cases arising under the MPPAA. *See e.g., Dorn's Transp.*, 596 F.Supp. at 352; *Miami Valley Carpenters v. United States Fidelity & Guarantee Co.*, 590 F.Supp. 61, 66 (S.D.Ohio 1984); *Bennett v. Machined Metals Co., Inc.*, 591 F.Supp. 600, 608 (E.D. Pa.1984); *Combs v. Indyk*, 554 F. Supp. 573, 575 (W.D.Pa.1982). I therefore must conclude that the proper definition of an "employer" for the purposes of MPPAA is contained in § 1002(5). I will now turn to the facts of this case to determine which of the potential employers—SGI or HDY—is the employer liable for withdrawal payments.

■ SGI and HDY had a rather complicated relationship which developed over a number of years. It appears that SGI was engaged in supplying certain labor services to HDY and other companies. In connection with this business, SGI contracted with HDY to provide trucking services to HDY in 1973.[1] SGI entered into a collective bargaining agreement with Local 430 of the Teamsters in 1976 after the truckers at HDY voted to unionize. Both SGI and HDY claim that the other is the liable employer. For the reasons stated below, however, I have concluded that both are employers subject to MPPAA withdrawal liability.

---

1. The original contract had been entered into by American Stevedoring Corp., the predecessor of SGI and AMF Corp.'s York facility, the predeces-

sor of HDY. I do not consider these facts relevant to my decision.

It is true that only SGI was a signatory to the collective bargaining agreement with Local 430. As such, only SGI was liable for wage payments and pension fund contributions in a technical sense. It also appears, however, that SGI was reimbursed fully by HDY. It is also true that only SGI negotiated with the union on behalf of HDY and that it also dealt with the union in processing grievances and other matters. Moreover, SGI actually took applications for the jobs at HDY at their Atlanta offices and supplied all prospective drivers to HDY.

Based on these facts alone, I would have to conclude that SGI is an employer for the purposes of this suit. The facts of this case, however, lead me to conclude that both HDY and SGI acted as employers and that it would be manifestly unjust to one or the other of them to impose liability on just one party. HDY entered into an agreement with SGI, in part because of the latter's expertise in the field of labor-management relations. It is not surprising, therefore, that SGI took over many aspects of the employer-employee relationship which are usually vested in the employer. HDY did, however, retain a significant level of involvement in the management of its trucking services. For example, HDY retained the ability to pick and choose the drivers it wanted from among those sent to it by SGI. HDY also retained the front-line responsibility for disciplinary actions against employees and formulated its own work rules. Most importantly, however, HDY retained the day-to-day control over the drivers sent to it by SGI.

SGI and HDY seem to take the position that only one of them can be an employer for the purposes of the determination of withdrawal liability. I do not think that this result is mandated by the terms of MPPAA or that it is wise from a policy standpoint. "The primary purpose of the legislation is to protect retirees and workers who are participants in such plans against the loss of their pensions. The Act is designated to foster plan continuation and growth because plan continuation and growth provide participants and benefi-

ciaries [with the] greatest security against benefit loss. H.Rep. 869, 96th Cong., 2d Sess., 51 (1980) reprinted in 1980 U.S. Code Cong. & Ad. News 2918, 2919. This goal would best be served by construing the Act to allow for joint employer status.

What the defendants wish me to do is to decide which of them is more "employer-like" and to absolve the other of any responsibility at all. This is a result I cannot accept. I believe that the purpose of MPPAA is best served by exposing all parties that are "employers" to their legitimate withdrawal liability. Both SGI and HDY had enough control over the members of Local 430 to render them employers. I will therefore conclude that both HDY and SGI are employers for the purposes of this action and I will order that the case be sent to arbitration for the resolution of the amount of withdrawal liability.