ILGWU NATIONAL RETIREMENT FUND, Sol C. Chaikin and Joseph Moore, Plaintiffs,

v.

DISTINCTIVE COATE CO., INC., Defendant.

No. 85 Civ. 1758 (WK).

United States District Court, S.D. New York.

Jan. 16, 1986.

**412**

Barry H. Singer, Cooper Cohen Singer Ecker & Shainswit, New York City, for defendant.

Marc E. Richards, Booth Marcus & Pierce, New York City, for plaintiffs.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

By Memorandum and Order dated November 20, 1985, I granted plaintiffs' motion for summary judgment by holding defendant liable for withdrawal contributions to plaintiff Fund. I directed plaintiffs to submit a judgment on notice. Defendant objects to the judgment so submitted, in particular to the assessment of interest and liquidated damages there proposed. I reject its contentions, but conclude I must amend the judgment to provide for the award of plaintiffs' attorney's fees and costs.

In moving for summary judgment, plaintiffs sought recovery of assessed withdrawal liability, interest, liquidated damages, penalties, and attorneys fees and costs pursuant to 29 U.S.C. §§ 1451(b) and 1132(g). Section 1451(b) provides that "any action to compel an employer to make any withdrawal liability payment....shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of [the same] title)." Section 1132(g)(2) governs actions by a fiduciary for or on behalf of a plan to enforce section 1145. It states that in any such action in which judgment is granted for the plan, the court shall award the plan (A) the amount of unpaid contributions, (B) interest, (C) an amount equal to the greater of (i) interest on unpaid contributions or (ii) under certain conditions, liquidated damages as provided for in the collective bargaining agreement and (D) attorneys fees and costs. *See Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Co.* (E.D.Mich.1981) 522 F.Supp. 919, 922–23. In my memorandum and Order, assuming I had discretion in the matter, I declined to award plaintiffs' attorneys fees and costs due to the novelty of the issues presented.

■ I appear to have been in error in that assumption. The statute clearly refers actions to recover withdrawal liability payments to those portions of the Act governing delinquent contributions. 29 U.S.C. § 1451(b). Section 1132(g)(2) governs the award of interest, liquidated damages, and attorneys fees and costs in such delinquent contribution suits. That section leaves no room for discretion in making such award. Thus, it appears that, by the terms of the statute, plaintiff Fund is entitled to recover not only the amount of withdrawal liability, interest, and liquidated damages but attorneys fees and costs as well.

■ As for interest, plaintiffs are correct in commencing their calculation from the date defendant's first payment was due, 29 U.S.C. § 1399(c)(5), *Sova Outerwear Corp., v. Trustees of Amalgamated Cotton, Etc.* (S.D.N.Y.1984) 578 F.Supp. 112, 1127, and as well appear to be correct in determining the appropriate rates of interest charges. *See* 29 U.S.C. 1399(c)(6).

Accordingly, the judgment shall be modified to refer this action to the Honorable Kathleen Roberts, U.S. Magistrate, for determination of plaintiffs' reasonable attorneys fees and costs.

In addition, I direct that the parties' correspondence on these issues, attached hereto, be made a part of the record.

SO ORDERED.