In the Matter of UITERWYK CORPORA-TION, Uiterwyk Shipping Limited, Uiterwyk Lines (West Africa) Limited, and Uiterwyk Lines (Reefer) Limited, Debtors,

**NYSA–ILA PENSION TRUST FUND AND PLAN, Appellant,**

v.

**UITERWYK LINES (WEST AFRICA) LIMITED, Appellee.**

No. 85–1948–Civ–T–15.

United States District Court,
M.D. Florida,
Tampa Division.

June 19, 1986.

Norman Stallings, Jr., Gibbons, Tucker, Miller, Whatley & Stien, Tampa, Fla., for appellant.

Don M. Stichter, Stichter & Riedel, P.A., Tampa, Fla., for appellee.

## ORDER

CASTAGNA, District Judge.

The material facts in this case are not in dispute. Uiterwyk Lines (West Africa)

("UWAL"), an international carrier contracted with Universal Maritime Service Corporation ("Universal") for the loading and unloading of its vessels in the Port of New York. Universal provided longshoremen to perform the labor involved and it paid the longshoremen's wages. UWAL neither hired nor fired the longshoremen, nor did it supervise their day-to-day activities. UWAL was, however, a signatory to the collective bargaining agreement between the New York Shipping Association, Inc. ("NYSA") and the International Longshoremen's Association, AFL–CIO ("ILA"). Pursuant to that agreement, UWAL was required to pay tonnage assessments that were used to fund the longshoremen's pension fund.

After UWAL commenced its Chapter 11 proceeding, the NYSA–ILA Pension Trust Fund ("the pension fund") filed Claim No. 127 against it for withdrawal liability under the Employee Retirement Income Security Act ("ERISA"), Pub.L. No. 93–406, 88 Stat. 829 (1974), as amended by the Multiemployer Pension Plan Amendments Act ("the MPPAA"), Pub.L. No. 96–364, 94 Stat. 1208 (1980). UWAL claimed that it was not responsible for withdrawal liability because it was not an "employer" under the MPPAA. *See* 29 U.S.C. § 1381(a) (liability established when an "employer" withdraws from a multiemployer plan). The Bankruptcy Court agreed with UWAL and disallowed the pension fund's claim. This appeal followed.

The dispositive issue in this case is whether or not UWAL is an employer under the MPPAA. The Bankruptcy Court resolved this issue by adopting the reasoning and result reached in *In re Seatrain Lines, Inc.*, 46 B.R. 320 (Bankr.S.D.N.Y. 1985) because it determined that the facts in that case were virtually identical to the facts of the instant case. The appellant argues that *Seatrain* was wrongly decided and should not be followed by this Court. Although the Court is not certain that

"chaos on the East Coast" would be the inevitable result if it were to follow *Seatrain, see* appellant's brief at p. 30, it simply does not agree with the analysis employed in that case. In any event, *Seatrain* is certainly not binding on this Court.

Although Title I of ERISA defines the term "employer," the MPPAA does not. Consequently, the court in *Seatrain* resorted to the common law indicia of an employment relationship to determine if the shipper in that case was an employee under the MPPAA. The court stated that it could not consider the definition of employer contained in Title I "because the definitions of Title I are not necessarily applicable to Title IV." [1] *See Seatrain*, 46 B.R. at 322 n. 1 (citing *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 370, 100 S.Ct. 1723, 1730–31, 64 L.Ed.2d 354 (1980)). The court in *Nachman,* however, did not state that the Title I definitions could *never* be used in Title IV; it simply stated that the Title I definitions did not apply elsewhere in the Act of their own force. *Nachman*, 446 U.S. at 370 n. 14, 100 S.Ct. at 1731 n. 14. Moreover, the Court in *Nachman* expressly stated that the Title I definitions "may otherwise reflect the meaning of the terms defined as used in other Titles." *Id.*

The Court must determine the meaning of "employer" primarily by considering the term in the context of the Act in which it appears, and not from the common law. *See NLRB v. Hearst Publications, Inc.*, 322 U.S. 111, 124, 64 S.Ct. 851, 857, 88 L.Ed. 1170 (1944). Congress enacted the MPPAA to discourage an employer from ceasing its contributions to a multiemployer pension plan because it found that such cessation adversely affected the plan and the contributing employers left behind. *See* 29 U.S.C. § 1001a(a)(4)(A). To permit a contributor such as UWAL to avoid withdrawal liability simply because it is not a common law employer would defeat the

---

1. The MPPAA amended Title IV of ERISA.

purpose of the MPPAA. Therefore, the Court concludes, as have other courts, that the definition of "employer" in Title I of ERISA is also applicable to the term as it is used in the MPPAA. *See, e.g., ILGWU National Retirement Fund v. Distinctive Coat Co.*, 642 F.Supp. 411, 6 Empl.Ben. Cas. (BNA) 2631 (S.D.N.Y.1985),[2] *Central Pennsylvania Teamster's Pension Fund v. Service Group, Inc.*, 645 F.Supp. 996 (E.D.Pa.1985).

Title I of ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employer benefit plan and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). UWAL was certainly acting indirectly in the interest of Universal with respect to the NYSA–ILA Pension Trust Fund. Consequently, it is an employer subject to withdrawal liability under the MPPAA. Based on the foregoing, it is

ORDERED:

That portion of the Bankruptcy Court's Order filed October 7, 1985 which sustained the Debtor's objection to Claim No. 127 filed against Uiterwyk Lines (West Africa) Limited and disallowed that claim is reversed, and this case is remanded to the Bankruptcy Court for further proceedings consistent with this order.

---

**2.** It is interesting to note that this case was decided by the United States District Court for the Southern District of New York after the bankruptcy court in that district decided *Seatrain.*